United States District Court
Southern District of Texas

**ENTERED**

July 17, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERASTO CRUZ, | § | |
| TDCJ #2041284, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-2224 |
| | § | |
| BOBBY LUMPKIN, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Erasto Cruz (TDCJ #2041284), is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Jester III Unit in Richmond. Cruz has filed Petitioner's Petition for Writ of Habeas Corpus and Release from Detention ("Petition") (Docket Entry No. 1), challenging a detainer that has been lodged against him by immigration officials. After considering the pleadings and the applicable law, the court concludes that this case must be dismissed for the reasons explained briefly below.

---

[1]Although the petitioner lists several other officials as respondents, the Clerk's Office has substituted Director Bobby Lumpkin of the Texas Department of Criminal Justice - Correctional Institutions Division as the state official who has custody of him pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts.

## I.  **Background**

Cruz alleges that he is an immigrant with "lawful permanent resident" status, who has served more than 7 years of a 10-year prison sentence that he received for a non-violent offense.[2] Public records reflect that Cruz received that 10-year sentence in 2015, following his conviction for sexual assault of a child in San Jacinto County Case No. 11,520.[3] Cruz contends that he has been denied parole because immigration officials have placed a hold or detainer on his custody, pending removal proceedings.[4] Cruz asks this court to issue a writ of habeas corpus and grant him immediate release on parole.[5] He also seeks declaratory relief regarding his immigration status and the propriety of the detainer.[6]

## II.  **Discussion**

Writs of habeas corpus may be granted by the district courts

_____

[2]Petition, Docket Entry No. 1, p. 1.

[3]See Texas Department of Criminal Justice Offender Information, available at: http://www.inmate.tdcj.texas.gov (last visited July 14, 2023).  A court may take judicial notice of "matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).  This includes information posted on a government agency website. See Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005).

[4]Petition, Docket Entry No. 1, p. 1.

[5]Id. at 2.

[6]Id. at 3.

and any circuit judge within their respective jurisdictions.  28 U.S.C. § 2241(a).  To obtain a federal writ of habeas corpus a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  Id. at § 2241(c)(3).  A petitioner seeking a writ of habeas corpus must be "in custody" at the time his petition is filed.  Pack v. Yusuff, 218 F.3d 448, 454 n.5 (5th Cir. 2000).

Cruz, who is currently serving a state court sentence, cannot challenge the validity of his immigration detainer because he does not satisfy the "in custody" requirement for review under 28 U.S.C. § 2241(c)(3).  An immigration detainer serves as notice to prison authorities that "future custody" will be sought at the conclusion of an inmate's current confinement.  See Roldan v. Racette, 984 F.2d 85, 88 (2nd Cir. 1988).  The filing of a detainer is not sufficient to place a prisoner in custody of federal immigration officials as required for habeas corpus review.[7]  See Zolicoffer v.

---

[7]The court notes that Cruz invokes Zadvydas v. Davis, 121 S. Ct. 2491 (2001) as a basis for release from custody.  See Petition, Docket Entry No. 1, p. 2.  In Zadvydas the Supreme Court held that the Fifth Amendment Due Process Clause does not permit indefinite detention lasting beyond six months past the ninety-day removal period found in 8 U.S.C. § 1231(a).  Cruz remains incarcerated by state prison officials while serving a state court sentence.  Because Cruz is not in immigration custody or been detained beyond the presumptively reasonable period outlined in Zadvydas, he cannot demonstrate that his confinement violates the Constitution and he does not state an actionable claim for relief.  See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam)(concluding that the six-month period must have expired at the time the § 2241 petition was filed in order to state a claim (continued...)

United States Dep't of Justice, 315 F.3d 538, 541 (5th Cir. 2003) (holding that prisoners are not "in custody" for purposes of habeas corpus review simply because federal immigration officials have issued a detainer against them); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) (explaining that a detainer does not affect a prison inmate's custodial status; therefore, a prisoner serving a sentence of imprisonment cannot challenge a detainer "by way of habeas corpus until he is placed in the custody of [immigration officials], an event which will not occur until [he] is released from his present term of confinement"). Thus, the court lacks jurisdiction to consider Cruz's challenge to the detainer. See Zamarripa-Torres v. Bureau of Immigration and Custom Enforcement, 347 F. App'x 47, 48 (5th Cir. 2009)(per curiam).

To the extent that Cruz seeks declaratory relief about his immigration status, this court also has no jurisdiction to consider the validity of an order of removal or related determinations about a petitioner's immigration status. In that regard, the REAL ID Act, codified as amended at 8 U.S.C. § 1252(a), "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)).

---

[7](...continued)
under Zadvydas).

Cruz does not otherwise show that he is in custody in violation of the Constitution because Texas inmates do not have a protected liberty interest or a right to early release on parole. See Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) (per curiam); see also Williams v. Briscoe, 641 F.2d 274, 276-77 (5th Cir. Unit A 1981) (holding that the Texas parole statute does not create a constitutionally protected expectancy of release); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997)("In Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole."); Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007) (There is no constitutional expectancy of release on parole in Texas because parole is within the "total and unfettered discretion of the State."). Because Cruz has not articulated a valid basis for relief over which this court has jurisdiction, the court concludes that his Petition must be dismissed.

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  The Petitioner's Petition for Writ of Habeas Corpus and Release from Detention filed by Erasto Cruz (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

2.  A certificate of appealability is **DENIED**.

**The Clerk is directed to provide a copy of this Memorandum**

-5-

Opinion **and Order to the petitioner**.

   **SIGNED** at Houston, Texas, on this the 17th day of July, 2023.

                                   _____
                                            SIM LAKE
                                   SENIOR UNITED STATES DISTRICT JUDGE